B. A. M., a minor, Appellant,

v.

STATE of Alaska, Appellee.

No. 2144.

Supreme Court of Alaska.

Nov. 29, 1974.

Herbert D. Soll, Public Defender, Anchorage, William T. Council, Asst. Public Defender, Ketchikan, Richard G. Lindsley, Jr., Asst. Public Defender, Anchorage, for appellant.

Norman C. Gorsuch, Atty. Gen., Juneau, Geoffrey G. Currall, Dist. Atty., Michael J. Keenan, Asst. Dist. Atty., Ketchikan, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

FITZGERALD, Justice.

At his disposition hearing before the superior court on October 19, 1973,[1] B.A.M. was found to be a delinquent child. The hearing judge ordered B.A.M. committed to the custody of the Commissioner of Health and Social Services to be incarcerated in an adult penal institution for one year and then placed on probation until his twentieth birthday.

We conclude that the hearing judge erred in ordering B.A.M. incarcerated in an adult penal institution for one year. Since B.A.M. was under the age of eighteen at the time the acts of delinquency were committed, he is considered a minor for the purposes of adjudication and disposition. P. H. v. State, 504 P.2d 837 (Alaska 1972). In a juvenile proceeding under AS 47.10.080(b)(1)[2] the court may commit the minor to the Department of Health and Social Services for an indeterminate period not to extend past a specified date but in no event past the day the minor becomes nineteen. At the time B.A.M. was sentenced the court had statutory authority to direct the minor's placement in a juvenile facility designated by the department.[3] B.A.M., however, was sentenced for a *fixed* time period and ordered to an *adult* institution. This amounted to a penal sentence as opposed to the juvenile disposition required under AS 47.10.-080(b)(1).[4]

1. The superior court has primary responsibility for hearing, adjudicating, and disposing of children's cases involving delinquency or dependency of children in need of supervision. Children's Rule 2.

2. At the time B.A.M. was sentenced AS 47.10.080(b)(1) provided:
(b) If the court finds that the minor is delinquent, it shall
(1) order the minor committed to the Department of Health and Social Services for an indeterminate period of time not to extend past a specified date or in any event past the day the minor becomes 19, except that the department may petition the court for continued supervision for an additional one-year period for minors who have not responded to treatment, and may direct the minor's placement in a juvenile correctional school, detention home, or detention facility designated by the department; the minor may be released from placement or detention and placed on probation on order of the court; or

. . . . .

3. R. L. R. v. State, 487 P.2d 27, 46 (Alaska 1971).
AS 47.10.080(b)(1) has since been amended to read:
(b) If the court finds that the minor is delinquent, it shall

(1) order the minor committed to the Department of Health and Social Services for an indeterminate period of time not to extend past a specified date or in any event past the day the minor becomes 19, except that the department may petition the court for continued supervision for an additional one-year period for minors who have not responded to treatment; *the department shall place the minor* in the juvenile facility which the department considers appropriate and which may include a juvenile correctional school, detention home, or detention facility; the minor may be released from placement or detention and placed on probation on order of the court and may also be released by the department, in its discretion, under § 200 of this chapter; or
. . . (emphasis added)
Under this amended statute, the court no longer has discretion to order the delinquent child placed in a particular institution. The court only has authority to commit the child to the department, which then places the child.

4. The superior court judge gave the following reasons for the disposition: (1) at the time of disposition, B.A.M. had reached eighteen years of age; (2) B.A.M.'s partner in the offense had been over eighteen years of age when the offense occurred and therefore was tried and sentenced as an adult; (3)

■■ The court's authority to impose a penal sentence on a juvenile is limited under the strict procedures of AS 47.10.-060(a) and (d) [5] and Children's Rule 3. Before treating a juvenile as an adult, the court must first conduct a waiver hearing. The court may then close out the case as a juvenile matter only upon finding cause to believe that the minor is delinquent and that the minor is not amenable to treatment. The minor may then be prosecuted as an adult.[6] Since no waiver hearing had been conducted in this case, the court had no authority to sentence B.A.M. as an adult.

The recent case of Davenport v. Mc-Ginnis, 522 P.2d 1140 (Alaska 1974), must be distinguished from the instant case. In that case we were concerned with the department's placement under AS 47.10.190 [7] of a juvenile delinquent who was over eighteen years of age at the time of placement in the federal facility for young offenders at Lompoc, California. A majority of the court held that the department was not limited in the selection of a suitable facility for those over eighteen years of age by the requirement of incarceration separate from adult offenders. *Davenport* did not involve the imposition of an adult sentence by the superior court.

■ We also conclude that the hearing judge erred by placing B.A.M. on probation until his twentieth birthday. AS 47.-10.080(b)(2) [8] by its express terms limits probation to an indefinite period of time, not to extend past a specified date and in no event past the day the minor becomes nineteen. The department may petition the court for an additional one year of continued supervision past the nineteenth birthday for minors who have not responded to treatment. The department offered no petition in this case, and it would have been inappropriate for the department to have filed such a petition without first determining that B.A.M. was not responding to treatment. The superior court was thus without authority to extend probation beyond B.A.M.'s nineteenth birthday without a petition from the department to extend

---

both B.A.M. and his partner were equally culpable.

5. AS 47.10.060 provides in part:
    (a) If the court finds at a hearing on a petition that there is probable cause for believing that a minor is delinquent and finds that the minor is not amenable to treatment under this chapter, it shall order the case closed. After a case is closed under this subsection, the minor may be prosecuted as if he were an adult.
    . . . . .
    (d) A minor is unamenable to treatment under this chapter if he probably cannot be rehabilitated by treatment under this chapter before he reaches 21 years of age. In determining whether a minor is unamenable to treatment, the court may consider the seriousness of the offense the minor is alleged to have committed, the minor's history of delinquency, the probable cause of the minor's delinquent behavior, and the facilities available to the division of youth and adult authority for treating the minor.

6. P. H. v. State, 504 P.2d 837 (Alaska 1972); R. J. C. v. State, 520 P.2d 806 (Alaska 1974).

7. AS 47.10.190 provides:
    When the court commits a minor to the custody of the department, the department shall arrange to place the juvenile in a detention home, facility or another suitable place which the department designates for that purpose. A juvenile detained in a jail or similar institution at the request of the department shall be held in custody in a room or other place apart and separate from adults.

8. AS 47.10.080(b)(2) provides:
    (b) If the court finds that the minor is delinquent, it shall
    . . . . .
    (2) order the minor placed on probation, to be supervised by the department, and release him to his parents, guardian, or a suitable person; if the court orders the minor placed on probation, it may specify the terms and conditions of probation; the probation may be for an indeterminate period of time, not to extend past a specified date and in no event past the day the minor becomes 19, except that the department may petition the court for continued supervision for an additional one-year period for minors who have not responded to treatment.

the probationary period for an additional year.

We remand with instructions to the superior court to enter a disposition order in conformity with this decision.[9]

___

9. It should be noted that the state did not offer any opposition to B.A.M.'s appeal.