538 P.2d 1004 (1975)
In the Matter of A. A., a minor, Appellant,
v.
STATE of Alaska, Appellee.
No. 2400.
Supreme Court of Alaska.
August 8, 1975.
Stephen R. Cline, Asst. Public Defender, Fairbanks, Herbert D. Soll, Public Defender, Anchorage, for appellant.
No appearance for appellee.
Before RABINOWITZ, C.J., and CONNOR, ERWIN, BOOCHEVER and BURKE, JJ.

OPINION
PER CURIAM.
On November 6, 1974, A.A., a minor child, admitted in superior court the allegations of three counts of a petition seeking his adjudication as a delinquent. A disposition hearing was scheduled to be held before that court on November 27, 1974 at 9:30 a.m., and the juvenile was released from custody to return to his home with his father pending the hearing.
The Division of Corrections' classification committee held a meeting on November 19, 1974 which the minor's attorney attended. The committee unanimously recommended not to detain the minor. Work and school plans were formulated as the result of consultations with the boy and his father.
At the conclusion of the November 27, 1974 disposition hearing, the superior court *1005 judge entered a juvenile detention order addressed to the Fairbanks Correctional Center which authorized that institution to detain A.A. and which stated that "a court order with work release for 30 days will follow". On December 3, 1974, formal findings, a judgment and order of disposition were entered directing that the "minor be placed in detention for a period of 30 days and thereafter placed under the supervision of the Division of Corrections". However, counsel for the minor was not present at this disposition hearing.[1]
The appellant contends that the court below erred in conducting the disposition hearing in the absence of previously appointed counsel, and that the court further erred by exceeding its authority under AS 47.10.080 in ordering placement of the minor in a specific institution.[2]
A juvenile's right to counsel in a delinquency proceeding has been clearly established in this jurisdiction by our holding in R.L.R. v. State.[3] Since the disposition hearing is one of the most critical phases of such a proceeding, we hold that the conduct of the hearing in the absence of the minor's counsel was therefore erroneous.
Turning to the appellant's second allegation of error, as noted above, the initial juvenile detention order did direct the Fairbanks Correctional Center to detain A.A. The final order entered on December 3, 1974, however, merely provided that custody be granted to the Commissioner of the Department of Health and Welfare[4] or his authorized representative in the Division of Corrections for an indeterminate period of time not to exceed his nineteenth birthday, and that he "be placed in detention for a period of 30 days and thereafter placed under the supervision of the Division of Corrections".
AS 47.10.080(b)(1) provides that if a court finds that a minor is delinquent, it shall
order the minor committed to the Department of Health and Social Services for an indeterminate period of time not to extend past a specified date or in any event past the day the minor becomes 19, except that the department may petition the court for continued supervision for an additional one-year period for minors who have not responded to treatment; the department shall place the minor in the juvenile facility which the department considers appropriate and which may include a juvenile correctional school, detention home, or detention facility; the minor may be released from placement or detention and placed on probation on order of the court and may also be released by the department, in its discretion, under § 200 of this chapter... .
In B.A.M. v. State[5] decided two days after the court conducted the disposition hearing in this case, we stated:
Under this amended statute, the court no longer has discretion to order the delinquent child placed in a particular institution. The court only has authority to commit the child to the department, which then places the child.[6]
It is thus apparent that the court initially erred in ordering the juvenile to be placed in a specific institution, the Fairbanks *1006 Correctional Center. The final order, however, did not designate any specific institution and merely placed the minor in the custody of the Department of Health and Social Services and designated a specific period of time for the duration of his detention. Since there was no error in the final order which superseded the November 27, 1974 detention order, any issue pertaining to the earlier order is moot.
The matter is remanded to the superior court for a new disposition hearing at which the minor child shall be entitled to be represented by counsel.
Reversed and remanded.
NOTES
[1] It is alleged in appellant's brief that counsel was involved in another trial at the time set for the hearing. On December 3, 1974, the minor appeared before the trial judge through his attorney and requested a writ of habeas corpus issue and that the 30-day sentence be stayed. The relief sought was denied, but on December 5, 1974, Chief Justice Jay A. Rabinowitz, sitting as a single justice, ordered the minor child released from custody pending this appeal.
[2] The state has failed to file an opposing brief in this matter.
[3] 487 P.2d 27, 32 (Alaska 1971), which followed In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
[4] The Department of Health and Welfare is now designated the Department of Health and Social Services.
[5] 528 P.2d 437 (Alaska 1974).
[6] Id. at 438, n. 3.