**STATE of Alaska, DEPARTMENT OF HEALTH AND SOCIAL SERVICES, Appellant,**

v.

**A.C., Appellee.**

**No. 7643.**

Court of Appeals of Alaska.

June 22, 1984.

---

Donald W. Edwards, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellant.

John Reese and Craig J. Tillery, Reese, Rice & Volland, Anchorage, for amicus curiae, the Superior Court of Alaska.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

This case involves the authority of the superior court to order and supervise the placement of a delinquent child under the provisions of AS 47.10.080(b)(3).

A.C. was adjudicated a delinquent on November 14, 1982. Alaska Statute 47.10.080 governs the authority of the court to enter orders in cases where a minor child has been adjudicated a delinquent. That statute provides in part:

(a) The court, at the conclusion of the hearing, or thereafter as the circumstances of the case may require, shall find and enter a judgment that the minor is or is not a delinquent or a child in need of aid.

(b) If the court finds that the minor is delinquent, it shall

(1) order the minor committed to the Department of Health and Social Services ... [which] shall place the minor in the juvenile facility which the department considers appropriate and which may include a juvenile correctional school, detention home, or detention facility; the minor may be released from placement or detention and placed on probation on order of the court and may also be released by the department, in its discretion, under AS 47.10.200;

(2) order the minor placed on probation, to be supervised by the department, and release him to his parents, guardian, or a suitable person; if the court orders the minor placed on probation, it may specify the terms and conditions of probation;

. . . .

(3) order the minor committed to the department and placed on probation, to be supervised by the department, and release him to his parents, guardian, other suitable person, or suitable nondetention setting such as a family home, group care facility, or child care facility, whichever the department considers appropriate to implement the treatment plan of the predisposition report; if the court orders the minor placed on probation, it may specify the terms and conditions of probation; the department may transfer the minor, in his best interests, from one of the probationary placement settings listed in this paragraph to another, and the minor, his parents or guardian and attorney are entitled to reasonable notice of the transfer;

. . . .

(5) order the minor committed to the Department of Health and Social Services for placement in an adventure-based education program established under AS 47.21.020 with conditions the court considers appropriate concerning release upon satisfactory completion of the program or commitment under (1) of this subsection if the program is not satisfactorily completed.

At a hearing before the superior court standing master, the Department of Health and Social Services recommended a disposition under AS 47.10.080(b)(3). The department's plan called for A.C. to be committed to the legal custody of the department and to be physically placed with his mother. The plan provided that if A.C. did not abide by the terms of his probation, the department would then change his physical placement to a group home. The superior court master agreed with the department that the court should order disposition under AS 47.10.080(b)(3). However, the master found that the department's plan was not in the best interests of the child and that A.C. should be placed in a group treatment facility. The master concluded that although the court did not have authority under AS 47.10.080(b)(3) to order placement in a particular foster home or group home, it did have authority to direct removal from parental care or an out-of-home placement when removal was in the best interests of the child. Judge Victor Carlson approved the master's findings. He concluded that the master was correct in finding that AS 47.10.080(b)(3) provides the court with authority to determine whether the minor should be placed at home or in a non-detention facility approved by the department, although the department would decide which non-detention facility was in the best interests of the child.

The Department of Health and Social Services has appealed this ruling, arguing that AS 47.10.080(b)(3) authorizes the court to order the minor committed to the department. It is then up to the department to determine whether the delinquent minor should be placed with his parents, with some other suitable person or in a non-detention facility.

■ This issue is technically moot. Before the superior court's ruling in this case, the department removed A.C. from placement with his mother and placed him in a non-detention facility. The department made this latter placement based upon events which occurred after the detention hearing in front of the superior court master. A.C. therefore has no further interest in this appeal. However, the Department of Health and Social Services has asked us to review this issue, and an *amicus curiae* was appointed to brief the position of the superior court. We have concluded that this is an issue of great significance in juvenile hearings which may occur repeatedly and yet evade review. *Johansen v. State*, 491 P.2d 759, 762 (Alaska 1971). We have accordingly decided the issue.

It appears to us that in enacting AS 47.10.080(b)(3), the legislature intended for the department to make the decisions concerning placement of the minor. We note that the statute does provide for the court to "order the minor committed to the department," and that "the department may transfer the minor, in his best interests, from one of the probationary placement settings listed in this paragraph to another." The fact that the department has the authority to move the minor from one placement to another, without prior permission of the court, is consistent with the department having the authority to determine an appropriate placement. It is important that the statute does not provide that the department only has the power to move a minor to another placement if there are exigent circumstances which would make prior court approval difficult. In fact, AS 47.10.080(b)(3) does not specifically mention any judicial review of the department's decision or specifically provide for notice to the court. However, AS 47.10.080(b)(3) does provide for reasonable notice to the minor's parents or guardian, the minor himself and the minor's attorney. This notice requirement, particularly the notice to the attorney, allows those parties to seek superior court review of the department's actions. Furthermore, the court has an obligation to review all of the cases

where a minor is being supervised by the department under court order. Alaska Statute 47.10.080(f) provides:

A minor found to be delinquent or a child in need of aid is a ward of the state as long as he is committed to the department or the department has the power to supervise his actions. The court shall review an order made under (b) or (c)(1) or (2) of this section annually, and may review the order more frequently to determine if continued placement, probation, or supervision, as it is being provided, is in the best interest of the minor and the public. The department, the minor, the minor's parents, guardian, or custodian are entitled, when good cause is shown, to a review on application. If the application is granted, the court shall afford these parties and their counsel reasonable notice in advance of the review and hold a hearing where these parties and their counsel shall be afforded an opportunity to be heard. The minor shall be afforded the opportunity to be present at the review.

■ We conclude that AS 47.10.080(b)(3) provides the court authority to order the delinquent minor placed on probation to the Department of Health and Social Services. It is then up to the department to determine whether the minor should be placed with his parents or in another setting. We also conclude that the superior court has the authority to review the decision of the department to determine if the placement is in the best interest of the minor. However, in reviewing a decision of the department, the superior court may not substitute its judgment for the judgment of the department. Since the legislature has committed the decision of placement to the department's discretion, the question for the court is whether the agency abused its discretion.

In reviewing this case, we are unable to tell whether Judge Carlson substituted his own judgment for that of the Department of Health and Social Services, or whether he determined that the agency abused its discretion in placing A.C. at home with his

mother. Normally, therefore, we would remand the case to Judge Carlson so that we could ensure that he applied the appropriate standard. However, it is unnecessary for us to remand this case because it is moot.

SINGLETON, Judge, concurring.

I join in the judgment of the court. The parties consider this case to present a single issue:

When a trial court finds a minor to be delinquent and places him in the custody of the state pursuant to AS 47.10.-080(b)(3) is it the department or the court which decides where the child is to be physically placed in order to implement the department's treatment plan?

This court correctly views this question as having two parts. First, who has initial placement authority and, second, is that placement authority subject to judicial review. We conclude that the question of physical placement of a child under this subsection is an administrative decision of the department, but that, like most administrative decisions, it is subject to judicial review. *Cf.* AS 44.62.560 (providing for judicial review of most administrative actions). Administrative decisions may be reviewed *sua sponte* or upon application of a party. We find the trial court's authority to judicially review agency placement decisions in AS 47.10.080(f) [1] and in the general policies which subject most agency decisions to judicial review. *See Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87

S.Ct. 1507, 1511, 18 L.Ed.2d 681, 687 (1967) (only upon a showing of clear and convincing evidence of a contrary legislative intent should the courts restrict access to judicial review). *See also United States Smelt, R. & M. Co. v. Local Boundary Com'n*, 489 P.2d 140, 142–44 (Alaska 1971); 4 Davis, *Administrative Law* § 28.00 *et seq.* (1958 and 1976 Supp.); Jaffe, *Judicial Control of Administrative Action* 320–94 (1965). Naturally, the trial court should not substitute its judgment for that of the agency, but should defer to agency expertise. The agency's decision should be upheld if it has a rational basis and the factual assumptions upon which it rests are supported by substantial evidence. *See Pan American Petroleum Corp. v. Shell Oil Co.*, 455 P.2d 12, 22–23 (Alaska 1969). The record reflects that the superior court master, acting for the superior court, did review the agency plan rather than developing a plan of his own. I agree with the court, however, that it is unclear whether the superior court substituted its judgment for the agency decision or properly applied an abuse of discretion standard. The mootness of the case makes it unnecessary to remand for clarification of that holding.

---

**1.** We recognize that AS 47.10.080(f) could be narrowly construed to limit judicial review to the continuing validity of the initial judicial decision to place the child in state custody and not to questions regarding the child's treatment while in custody, including questions regarding his placement. However, the strong presumption in favor of judicial review of administrative decisions leads us to give the statute a broad reading to permit review of agency placement decisions.