**In the Matter of B.L.J., J.P.J., and C.T.J., Minors Under the Age of Eighteen (18) Years.**

No. S–648.

Supreme Court of Alaska.

April 18, 1986.

---

G. Nanette Thompson, Asst. Atty. Gen., Anchorage, Harold M. Brown, Atty. Gen., Juneau, for Department of Health and Social Services.

No appearance for parents, stepparent, children or superior court.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This case involves an interpretation of the children in need of aid statute, AS 47.10.080(c)(1). The Department of Health and Social Services (Department) contends that once a court declares a minor a child in need of aid and commits the minor to the Department under AS 47.10.080(c)(1), then the Department has the authority to direct the placement of the minor. The court can review the Department's decision to see if it constitutes an abuse of discretion, but it cannot make a specific placement order once legal custody has been granted to the Department. We agree.

## FACTUAL AND PROCEDURAL BACKGROUND

B.L.J., T.P.J. and C.T.J. are minor children. After their parents divorced, mother remarried stepfather.

The Department assumed emergency custody of the children after B.L.J. was severally beaten and bruised by stepfather.

Subsequently, a petition to adjudicate the minors as children in need of aid under AS 47.10.010(a)(2)(A) and (C) was filed. After a probable cause hearing, the Department obtained temporary legal custody. The children were physically placed with mother, provided they were never left alone with stepfather.

At an adjudication hearing, it was held that the children were in need of aid and committed to the legal custody of the Department. The court later continued the order in which the children were physically placed with mother, but vacated the restriction on contact between stepfather and children.

Mother and stepfather agreed to participate in a treatment plan that required stepfather to complete a thirty day Treatment Alternative to Street Crime (TASC) evaluation and required the couple to receive family counseling at the Center for Children and Parents. The couple did not complete this plan.

A few months after the adjudication hearing, the Department's social worker petitioned for return of legal custody to mother. The guardian *ad litem* opposed this recommendation and a hearing was held. The children's court master entered an oral ruling which granted a transfer of legal custody, but neither the children's court master nor the superior court filed a written order.

In a predisposition report, the Department's social worker suggested that the children be placed in the home of their natural father until mother and stepfather completed their treatment plan. At the hearing, the children's court master recommended that the children remain in the legal custody of the Department with physical placement in the home of mother and stepfather provided the couple obtained family and individual counseling, stepfather completed the TASC program, and no further incidents of domestic violence oc-

cur. The Department filed objections to the master's report, claiming that the court lacked authority to dictate the physical placement of the children under AS 47.10.-080(c)(1).

Thereafter, Judge Victor D. Carlson entered a memorandum of decision in which he concluded that there was no legal basis for the Department to change the children's placement from the mother's to the natural father's home. Judge Carlson stated that the original order only granted the Department legal custody but not physical custody. The Department could not remove the children from their mother's home without filing a petition requesting an additional order. The Attorney General appeals this decision on behalf of the Department. We reverse.

## DISCUSSION

### I. DOES THE DEPARTMENT HAVE THE AUTHORITY TO DIRECT THE PLACEMENT OF MINORS WHO ARE IN ITS LEGAL CUSTODY?

AS 47.10.080(c)(1) and (2) provide:

(c) If the court finds that the minor is a child in need of aid, it shall

(1) order the minor committed to the department for placement in an appropriate setting for a period of time not to exceed two years or in any event past the date the minor becomes 19 years of age, except that the department may petition for and the court may grant in a hearing (A) two-year extensions of commitment which do not extend beyond the minor's 19th birthday if the extension is in the best interests of the minor and the public; and (B) an additional one-year period of supervision past age 19 if the continued supervision is in the best interests of the person and the person consents to it; the department may transfer the minor, in the minor's best interests, from one placement setting to another, and the minor, the minor's parents or guardian, and the minor's attorney are entitled to reasonable notice of the transfer;

(2) order the minor released to the minor's parents, guardian or some other suitable person, and, in appropriate cases, order the parents, guardian, or other person to provide medical or other care and treatment; if the court releases the minor, it shall direct the department to supervise the care and treatment given to the minor....

The Department argues that under AS 47.10.080(c)(1) it has the responsibility for placement of minors who are in its legal custody.[1] It argues that if the court determines a minor is a child in need of aid and commits the child to the Department for placement, then the Department, and not the court, has the power to place minors in the best environment.

The Department relies upon *State v. A.C.*, 682 P.2d 1131 (Alaska App.1984), in which the court of appeals interpreted the delinquency provisions of As 47.10.-080(b)(3).[2] The delinquency and child in

**1.** The superior court did not indicate under which provision it was granting legal custody to the Department. However, when the court claimed that its original order granted only legal custody, not physical custody, to the Department it cited AS 47.10.080(c)(2). Whereas under AS 47.10.080(c)(1) the court commits the minor to the Department for placement, under AS 47.10.080(c)(2) the minor is released to the parents with the Department supervising the care and treatment of the minor. The court's language suggests that it was committing the minors to the Department for placement pursuant to AS 47.10.080(c)(1). The court "committed temporary legal custody" of the minors to the Department with "physical placement" in the home of the mother and stepfather. This language mirrors that in AS 47.10.080(c)(1).

There is no language of "release" or supervision as in AS 47.10.080(c)(2). Therefore, we treat this case as involving an interpretation of AS 47.10.080(c)(1).

**2.** AS 47.10.080(b)(3) provides:

(b) If the court finds that the minor is delinquent, it shall

....

(3) order the minor committed to the department and placed on probation, tobe supervised by the department, and release him to his parents, guardian, other suitable person, or suitable nondetention setting such as a family home, group care facility, or child care facility, whichever the department considers appropriate to implement the treatment plan of the predisposition report; if the court or-

need of aid provisions are analogous. In *A.C.*, the court held that AS 47.10.080(b)(3) grants the court authority to order the delinquent minor committed to the Department and placed on probation. After this order, it is up to the Department to determine the appropriate placement of the minor. 682 P.2d at 1134.[3] The court found that the legislature intended for the Department to make decisions concerning the placement of the minor:

> It appears to us that in enacting AS 47.10.080(b)(3), the legislature intended for the department to make the decisions concerning placement of the minor. We note that the statute does provide for the court to "order the minor committed to the department," and that "the department transfer the minor, in his best interests, from one of the probationary placement settings listed in this paragraph to another." The fact that the department has the authority to move the minor from one placement to another, without prior permission of the court, is consistent with the department having the authority to determine an appropriate placement. It is important that the statute does not provide that the department only has the power to move a minor to another placement if there are exigent circumstances which would make prior court approval difficult.

*Id.*

Similar to AS 47.10.080(b)(3), AS 47.10.-080(c)(1) provides the court authority to declare the status of the minor (here as a child in need of aid) and order the minor committed to the Department's custody. The Department may then determine the proper placement setting for the child. *See A.C.*, 682 P.2d at 1134. In addition, once the Department has legal custody of the minor, it may transfer the child from one placement setting to another if the transfer is in the minor's best interests and the Department provides reasonable notice of the transfer. AS 47.10.080(c)(1).

We agree with the court of appeals' interpretation. In AS 47.10.084(a), the legislature included placement decisions among the rights and responsibilities attendant to legal custody:

> AS 47.10.084(a) provides:
> When a child is committed under AS 47.10.080(b)(1) or (c)(1) to the department or released under AS 47.10.080(b)(2) or (3) or (c)(2) to the child's parents, guardian, or other suitable person, a relationship of legal custody exists. This relationship imposes on the department and its authorized agents or the parents, guardian, or other suitable persons the responsibility of physical care and control of the child, *the determination of where and with whom the child shall live, the right and duty to protect, train and discipline the child,* and the duty of providing the child with food, shelter, education, and medical care. These obligations are subject to any residual parental rights and responsibilities and rights and responsibilities of a guardian if one has been appointed. When parental rights have been terminated, or there are no living parents and no guardian has been appointed, the responsibilities of legal custody include those in (b) and (c) of this section. The department or person having legal custody of the child may delegate any of the responsibilities under this section, except authority to consent to marriage, adoption, and military enlistment may not be delegated. For purposes of this chapter a person in charge of a placement setting is an agent of the department. (Emphasis added).

---

ders the minor placed on probation, it may specify the terms and conditions of probation; the department may transfer the minor, in his best interests, from one of the probationary placement settings listed in this paragraph to another, and the minor, his parents or guardian and attorney are entitled to reasonable notice of the transfer ...

3. This court has held that under delinquency provision AS 47.10.080(b)(1), the superior court has the authority to commit the child to the Department, and then the Department, not the court, has the authority to place the child. *B.A.M. v. State*, 528 P.2d 437, 438 n. 3 (Alaska 1974), *quoted in A.A. v. State*, 538 P.2d 1004, 1005 (Alaska 1975).

AS 47.10.080(c)(1) and AS 47.10.084(a) clearly state that the Department has the authority to make placement decisions regarding minors. The agency or party with legal custody has the responsibility of placing the minor. In light of these provisions, the court's statement that the Department has legal custody but no legal basis to transfer a minor contradicts the plain meaning of the statute.

Therefore, we interpret AS 47.10.080(c)(1) as granting the Department, not the superior court, the authority to direct placements of minors.

## II. WHAT IS THE PROPER STANDARD OF REVIEW OF THE DEPARTMENT'S PLACEMENT DECISIONS?

■ The Department does not act in a vacuum once it obtains legal custody. The legislature provided a judicial check on the Department's placement decision. Reasonable notice must be given to the minor's parents or guardian, the minor himself, and the minor's attorney. AS 47.10.080(c)(1). After receiving notice, the parties can seek superior court review of the Department's actions. The court can then examine the evidence and consider whether the Department's placement decision is in the best interests of the minor. Moreover, under AS 47.10.080(f), the superior court must review all cases where the minor is under the Department's supervision or custody by court order.

AS 47.10.080(f) provides:

(f) A minor found to be delinquent or a child in need of aid is a ward of the state while committed to the department or the department has the power to supervise the minor's actions. The court shall review an order made under (b) or (c)(1) or (2) of this section annually, and may review the order more frequently to deter-mine if continued placement, probation, or supervision, as it is being provided, is in the best interest of the minor and the public. The department, the minor, the minor's parents, guardian, or custodian are entitled, when good cause is shown, to a review on application. If the application is granted, the court shall afford these parties and their counsel reasonable notice in advance of the review and hold a hearing where these parties and their counsel shall be afforded an opportunity to be heard. The minor shall be afforded the opportunity to be present at the review.

The Department argues that the superior court must apply the abuse of discretion standard of review to the Department's placement decisions. In *A.C.*, the court held that since the legislature committed placement decisions to the Department's discretion, the superior court may not substitute its judgment for that of the Department, but rather it must ask whether the agency abused its discretion. 682 P.2d at 1134.

This court has held that the abuse of discretion standard of review is appropriate when the court is presented with agency actions on matters committed to the agency's discretion. *North Slope Borough v. LeResche*, 581 P.2d 1112, 1115 (Alaska 1978). The court can only substitute its judgment for that of the agency when the agency's decision involves a question of law which is not within the agency's expertise. *Id.*

The legislature has committed placement decisions to the Department's discretion. The various statutory provisions indicate that the Department, not the court, has expertise on the availability and suitability of placements for minors in its legal custody.[4] We therefore conclude that the superior court has authority to review the De-

---

4. The Department licenses and supervises foster and group homes, institutions and nurseries and it purchases residential services for minors who it has responsibility for under AS 47.10. *See* AS 47.35.010 and AS 47.40.011. It establishes standards of care and regulations desirable for the health, education and welfare of every child. AS 47.10.240–250. The Department also works with out of state agencies to place children in suitable environments outside Alaska. AS 47.70.010. A representative of the agency must visit the home or institution in which the child is placed to ensure its suitability. AS 47.10.240.

partment's decision to determine if it is in the best interests of the minor. In reviewing the decision, the superior court applies the abuse of discretion standard.

### III. WHAT IS THE EFFECT AND SCOPE OF A RECOMMENDATION BY A CHILDREN'S COURT MASTER?

■ The Department argues that the children's court master's oral recommendation that legal custody be returned to the minors' mother did not supersede the superior court's previous order granting the Department legal custody.[5]

Alaska Children's Rule 2 and Civil Rule 53 delineate the scope of a master's power. Alaska Civil Rule 53(b) provides:

(b) *Powers.* The order of reference to the master may specify or limit his powers and may direct him to report only upon particular issues or to do or perform particular acts.... Subject to the specifications and limitations stated in the order, the master has and shall exercise the power to regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order.[6]

Under Alaska Children's Rule 2(a)(4), the children's court master submits written findings, conclusions and recommendations to the superior court judge.

■ It is the responsibility of the superior court judge to hear, adjudicate and dispose of children in need of aid cases. Alaska R. Children's P. 2(a)(1); *see also* AS 22.10.020(a). The superior court is not bound by the master's recommendations when determining the proper course of action in light of all the facts. *Headlough v. Headlough,* 639 P.2d 1010, 1012 (Alaska 1982), *citing Hickey v. Bell,* 391 P.2d 447, 448 (Alaska 1964). Although the master has many powers, his or her recommendations bind neither the superior court nor the parties.[7]

In this case, the master orally recommended that the interim order be modified to return legal custody of the children to their mother. The superior court never entered an order accepting or adopting the oral recommendation nor modifying the original order. Judge Carlson only concluded that the Department did not have authority to change the placement of the children.

The master's oral recommendation did not remove legal custody from the Department. Since the superior court never modified the original order, the Department retained legal custody of the children.

### IV. IS THE DEPARTMENT REQUIRED TO FILE AN ADDITIONAL PETITION FOR ADJUDICATION IN ORDER TO CHANGE THE PHYSICAL PLACEMENT OF MINORS IN ITS LEGAL CUSTODY?

■ In concluding that the Department did not have a legal basis for transferring the minors to their natural father's home, Judge Carlson stated there "has been no petition seeking any additional order."

The Department claims that AS 47.10.-080(c)(1) grants it the authority to change

---

5. The Department did not list this issue in its points on appeal. A point omitted from appellant's statement of points on appeal ordinarily will not be considered by this court. *Forquer v. State, Commercial Fisheries,* 677 P.2d 1236, 1241 n. 4 (Alaska 1984), *citing* Rules App.Proc. 210(e). However, if the issue has been briefed and the appellee and court are sufficiently informed of the matters in issue, then this court may consider the point raised in the brief. 677 P.2d at 1241 n. 4, *citing Hootch v. State-Operated School System,* 536 P.2d 793, 808 n. 58 (Alaska 1975). Since this issue is fully briefed by the Department, we will address it.

6. The record does not contain the order describing the scope of Master Hitchcock's power. This absence does not change our conclusion that the master's recommendation did not remove legal custody from the Department.

7. When Judge Carlson held that the Department had no legal basis to remove the children from their mother's home he indicated that the master's oral recommendation to return legal custody to the mother may be without legal effect.

the placement of minors in its custody without filing an additional petition with the superior court.

The statute does not require the Department to file a petition before it transfers minors to a different placement. Under AS 47.10.080(c)(1), the Department may transfer the minor to a different environment if (1) the transfer is in the minor's best interest; and (2) the minor, the minor's parents or guardian and the minor's attorney are given reasonable notice of such transfer. There is no statutory language suggesting that the Department must petition or even give notice to the court before transferring a minor.

If Judge Carlson believed the Department had to file a petition before transferring the minors, then he was in error. The court originally gave the Department legal custody and approved the placement of the minors in the mother's home. Having legal custody, the Department was able to transfer the minors as long as it met the two requirements of AS 47.10.080(c)(1). If the court wanted to remove legal custody from the Department, it could modify its original order. The court cannot, however, order a specific placement of the minors. At a hearing, the court can review this decision to see if the Department abused its discretion when making its placement decision. AS 47.10.080(c)(1) and (f).

The decision of the superior court is REVERSED.