861 P.2d 1166 (1993)
In the Matter of D.P., C.P., and H.P., Minors Under 18 Years of Age.
No. S-5270.
Supreme Court of Alaska.
November 5, 1993.
L. Merrill Lowden, Birch, Horton, Bittner & Cherot, Juneau, for K.W.P.
Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

OPINION
MATTHEWS, Justice.
The three children involved in this case have been in the custody of the Alaska Department of Health and Social Services, Division of Family and Youth Services (Department) since 1988. Their mother, A.H., has been an alcohol and drug abuser for a long time. Their father, K.W.P., is a convicted murderer who is serving a thirty-year sentence in a minimum security Washington state prison. In 1991 the Department placed the children with their paternal grandmother, Lee, who lives in Washington. The Department entrusted to Lee the decision as to whether the children should be allowed to visit their father in prison. She took them to visit him about once every two months. In April 1992 the State petitioned to have Lee appointed guardian of the children. The children's mother did not object to the appointment, but contended that Lee should be precluded from allowing the children to visit with their father. The superior court appointed Lee the children's guardian, and ordered that she could not allow visitation more *1167 frequently than twice a year. The father has appealed this limitation.[1]
The court appointed Lee guardian with the powers specified in AS 13.26.070 as limited by AS 47.10.084(c). The section .070 powers are essentially those which a custodial parent has over his or her children. Section .084(c) applies where there is an appointed guardian and the parental rights of the children have not been terminated. In such cases the parents have certain residual rights, including the right to visitation.
The Department has the primary authority to make placement decisions concerning children in its custody. In re B.L.J., 717 P.2d 376, 380 (Alaska 1986). This authority includes the power to determine visitation rights. In re A.B., 791 P.2d 615, 618 n. 3 (Alaska 1990); K.T.E. v. State, 689 P.2d 472, 478 (Alaska 1984). The Department's placement decisions are subject to judicial review and are ordinarily reviewable under an abuse of discretion standard. A.H. v. State, 779 P.2d 1229, 1233 (Alaska 1989); In re B.L.J., 717 P.2d at 380-81. However, more stringent standards apply where reasonable parental visitation rights are limited or eliminated.
Where parental visitation rights are completely cut off, either legally or in practical effect, the parent is entitled to a court hearing where the Department must prove by clear and convincing evidence that the order serves the children's best interests. D.H. v. State, 723 P.2d 1274 (Alaska 1986); K.T.E. v. State, 689 P.2d at 478 n. 11. Where a parent's reasonable visitation rights are merely restricted, the parent is entitled to a court hearing where the Department must prove by a preponderance of the evidence that the restriction is in the children's best interests. In re A.B., 791 P.2d at 618.
There are two approaches that the superior court might have taken in deciding the mother's request that the children not be allowed to visit with their father. Under the first approach, the court could have followed the holding of such cases as In re A.B., to the effect that the Department's visitation decision must control unless it is an abuse of discretion. Id. at 618 n. 3. Here, the Department's visitation decision was to let Lee decide whether the children should visit their father. Under this approach, the superior court should not have interfered unless evidence was presented which persuaded the court that the Department's decision was an abuse of discretion.
The second approach focuses on the court's power to specify the rights and responsibilities of guardians concerning visitation under AS 47.10.084(b) and (c). Under this approach the court could limit the number of times the guardian would be permitted to take the children to visit their father even if the Department opposed the limitation, if the court was persuaded based on a preponderance of the evidence that the limitation was in the best interests of the children. This approach comports with the standard of proof which we have discussed in such cases as In re A.B., 791 P.2d 615, D.H. v. State, 723 P.2d 1274, and K.T.E. v. State, 689 P.2d at 474.
For the purposes of this case, it is not necessary to decide which of these two approaches should have been selected. Under both approaches, before a limitation on reasonable parental visitation is justified, the Department must present proof that the limitation is in the children's best interests. No such evidence was presented. Thus the case for restricting visitation with the father has not been made.
For the above reasons, this case is REMANDED to the superior court with directions to VACATE that portion of the order of July 6, 1992, which prohibits the guardian from permitting the children to visit with their father more frequently than twice a year.
NOTES
[1] Neither the State, which advocated leaving visitation decisions to Lee's discretion, nor the mother have appeared on appeal.